[Civ. No. 963.   Second Appellate District.—October 2, 1911.]

SOUTHERN CALIFORNIA MUSIC COMPANY, a Corporation, Respondent, v. M. W. SKINNER, Appellant.

ACTION ON NOTE—SEPARATE CONTRACT FOR SALE OF PIANO—DEFAULT—INSUFFICIENT COMPLAINT—UNCERTAINTY—CAUSE OF ACTION NOT STATED.—A complaint in an action upon a promissory note for $380, payable forty-eight months after date, with interest at the rate of six per cent per annum and for attorneys' fees of ten per cent added if suit be brought upon the note, filed long before the maturity of the note, and setting forth a separate contract by

defendant, not referring to the note, for the sale of a piano for $405, with a credit of cash of $25 advanced thereon, and the balance payable in installments of $8 per month, and that if any monthly payment remains due and unpaid for sixty days, plaintiff may declare the whole sum due, and praying for judgment for the whole amount of the note, with interest and attorneys' fees, is demurrable for uncertainty, and also as stating no cause of action.

ID.—COMPLAINT SHOWING NO CAUSE OF ACTION UPON NOTE.—Since the independent agreement makes no reference to the note, and the complaint is silent as to any allegation of fact under which the note might be declared payable prior to the date when, by its terms, it was made payable, and the suit was instituted some six months after the date of the note, which was payable four years after date, it alleges no facts which could entitle the plaintiff to any judgment upon the note.

ID.—COMPLAINT SHOWING NO CAUSE OF ACTION UNDER CONTRACT.— Since the provision of the independent contract shows that it cannot be declared wholly due, unless payments to be made thereunder, "shall be due and unpaid for a period of sixty days," in order to constitute a cause of action for its breach, assuming that such right of action exists thereon, the complaint should not only allege that defendant has made default in the payment of one or more of the installments, but also that such default has continued for the period of sixty days, and where it fails to show that an installment, the payment of which was required under the contract, had been due and unpaid for that period, it shows no cause of action upon the contract.

APPEAL from a judgment of the Superior Court of Orange County. Frank F. Oster, Judge presiding.

The facts are stated in the opinion of the court.

F. C. Spencer, for Appellant.

George Clark, for Respondent.

SHAW, J.—Action to recover a money judgment. The complaint alleges a sale by plaintiff to defendant of a piano for the sum of $405; that on July 15, 1909, defendant executed and delivered to plaintiff his promissory note and agreement in payment therefor, a copy of which, it is alleged, is attached to the complaint; that no part of said sum of $405, other than the sum of $25, has been paid; that defendant has defaulted in his payments as provided in the agree-

ment, and plaintiff has declared the balance of said sum due, no part of which balance has been paid. It is further alleged that by the terms of the note defendant agreed that should suit be brought to enforce the payment thereof, ten per cent thereof should be added to any judgment rendered thereon as attorneys' fees in said action. Following the complaint, as appears from the record, is a promissory note as follows:

"380.00.                    Los Angeles, Cal., July 15, 1909.

"Forty-eight months after date, for value received, I promise to pay to the order of Southern California Music Co. at their office in Los Angeles, California, Three Hundred and Eighty Dollars in lawful money of the United States, with interest at the rate of six per cent per annum until paid. Should suit be brought to enforce the payment of this note it is agreed that ten per cent be added for attorney's fees.
                              "(Signed) M. W. SKINNER."

Following this, as shown by the record, is an agreement signed by defendant, by the terms of which he agreed to pay plaintiff the sum of $405 for the piano in the following manner, to wit: $25 cash on delivery of the instrument, and the balance in installments of $8 per month, payable on the fifteenth day of each month. It is further provided that in case defendant fails to pay either of the monthly installments when due, plaintiff may rescind the contract and take possession of the piano, or if such monthly payment remains due and unpaid for a period of sixty days, plaintiff may declare the whole sum still unpaid under the contract due and payable. Defendant demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action, and also upon the ground that the same was uncertain in that it could not be determined therefrom whether plaintiff's cause of action was based upon the promissory note, or upon the alleged agreement, or upon both. The demurrer was submitted to the court without argument and overruled, and upon the trial of the case the court gave plaintiff judgment for the sum of $380 and interest thereon, together with $38 attorneys' fees, in accordance with the provision of the promissory note. Defendant appeals from this judgment.

We think the demurrer should have been sustained upon both grounds. Not only is the complaint uncertain, as alleged in the demurrer, but, however it may be regarded, it clearly fails to state a cause of action. The suit was instituted some six months after the date of the note, but the note by its terms was not due until four years after the date thereof. The agreement contains no reference whatever to the note, and the complaint is silent as to any allegation of fact under which it might be declared due prior to the date when by its terms it was made payable; hence, no facts are alleged which could entitle plaintiff to a judgment upon the promissory note.

The complaint alleges "that defendant has defaulted in his payments as in said contract provided, and plaintiff has declared the balance of the said sum now due." It was no doubt the intention of plaintiff to allege facts which under the terms of the contract gave it the right to declare the whole sum due, but the agreement contains no provision under which the whole amount could be so declared merely because defendant had made default. The provision of the contract is that "if payments to be made under this contract shall be due and unpaid for a period of sixty days, the plaintiff may, at its option, declare the balance still unpaid under this contract due and payable." To constitute a cause of action for a breach of the contract, assuming that such right exists, the complaint should not only allege that defendant has made default in the payment of one or more of the installments, but that such default has continued for the period of sixty days. It does not appear from the complaint that any installment, the payment of which was required under the terms of the contract, had been due and unpaid for such period.

For the reasons given, the judgment is reversed and the trial court instructed to make an order sustaining defendant's demurrer.

Allen, P. J., and James, J., concurred.